UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| WILLIAM A. CRAFT, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 3:08 CV 579 |
| SUPERINTENDENT, LOGANSPORT STATE HOSPITAL, | ) | |
| Respondent. | ) | |

## OPINION and ORDER

William Craft, a prisoner confined at the Logansport State Hospital, filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. In his petition, Craft states that in 2001 he was convicted in the St. Joseph Superior Court of a sexual offense. (Petition at 2.)[1] Craft states that at the end of his sentence, he "was released from prison and was sent to the Logansport State Hospital for inpatient [treatment] because the Honorable Michael P. Scopelitis . . . has a prejudice and bias against me." (Petition at 5.) Craft seeks immediate release to his legal guardians. (Petition at 10.) The respondent argues that Craft has not exhausted his state court remedies.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for writ of *habeas corpus* shall not be granted unless it appears that the applicant has exhausted the remedies available to him in the courts of the state in which the conviction occurred. Section 2254(b)(1)(A)

---

[1] The petition begins with page. 2. In this opinion, the court will use the page numbers printed on the petition.

forbids a federal court from excusing the exhaustion requirement unless the state's corrective process is incapable of protecting the rights of the applicant. To fully exhaust his state court remedies, a *habeas* petitioner must seek discretionary review from the state's highest court where that review is normal, simple, and an established part of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-47 (1999).

Failure to exhaust available state court remedies constitutes a procedural default. To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *Id.* at 844. Craft concedes that he has not filed an appeal of his involuntary commitment (petition at 6), and the Chronological Case Summary for Cause Number 71D07-0604-MH-00142, submitted by the respondent, confirms that Craft has not appealed his commitment. (Chronological Case Summary filed as sealed document.)

The exhaustion requirement only applies where there is an "available" state court remedy. A committed individual has the ability to appeal the decision of a court to commit that individual to a state hospital. *R.L. v. Logansport State Hosp.*, 666 N.E.2d 929 (Ind. Ct. App. 1996); *see also J.S. v. Ctr. for Behavioral Health*, 846 N.E.2d 1106 (Ind. Ct. App. 2006) (appeal of trial court's determination to continue regular commitment and forced medication order). In *R.L. v. Logansport State Hospital*, the Indiana Court of Appeals reviewed the trial court's order of regular commitment to determine whether the trial court had erred. *Id.* at 929. Indiana Code Section 12-26-1-9 provides that an appeal may be taken of proceedings involving involuntary detention or commitment.

2

Craft asserts that he has not appealed because "they won't send me the forms I need to file a direct appeal." (Petition at 6.) But Indiana does not provide or require forms for filing an appeal. A party initiates an appeal in a criminal case by filing a notice of appeal. *See* IND. R. CRIM. P. 19. An appeal in a civil case is also initiated by filing a notice of appeal. IND. R. APP. P. (9)(A).

Moreover, even if Craft did not file a timely notice of appeal regarding his civil commitment, he could still file a petition for writ of *habeas corpus* in state court seeking release from his allegedly unlawful confinement. State *habeas corpus* proceedings are available to persons in Indiana who challenge civil commitments. *In re Tedesco*, 421 N.E.2d 726, 731 (Ind. Ct. App. 1981).

> Tedesco has not exhibited sufficient reason for us to order a dismissal of the commitment proceedings. Contrary to his contention, a dismissal of the proceedings is not required to protect the due process rights of an individual who is alleged to be mentally ill and is detained. Such an individual could seek a writ of habeas corpus for his or her release from an allegedly unlawful detention. This right to apply for a writ of habeas corpus is specifically recognized in Ind.Code 16-14-9.1-14. We note that Tedesco did not exercise this right.

*Id.*

Thus Craft has a state court remedy by which he can still contest his current restraint. Accordingly, Craft must exhaust his state court remedies before he can present his claims to this court in a Section 2254 petition.

For the foregoing reasons, the court **DENIES** this petition for writ of *habeas corpus* without prejudice.

**SO ORDERED.**

**DATED**: September 8, 2009

                                                      s/James T. Moody  
                                                      JUDGE JAMES T. MOODY  
                                                      UNITED STATES DISTRICT COURT